**CONNECTION DISTRIBUTING CO., Plaintiff–Appellant,**

v.

**Janet RENO, Attorney General, Defendant–Appellee.**

No. 00–4149.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2002.

Before NORRIS and CLAY, Circuit Judges; BORMAN, District Judge.[*]

PER CURIAM.

Plaintiff, Connection Distributing, Inc., appeals from the district court's order entered on May 25, 2000, granting summary judgment to Defendant, United States Attorney General Janet Reno,[1] in this case filed by Plaintiff claiming that the record-keeping provisions of the Child Protection Restoration and Penalties Enhancement Act, 18 U.S.C. § 2257, were unconstitutional as applied to Plaintiff.

We now **REVERSE** the district court's order granting summary judgment to Defendant, and **REMAND** to the district court with instructions that the court allow the parties additional discovery, and to thereafter reconsider the matter in light of recent Supreme Court precedent including, but not limited to, *Watchtower Bible & Tract Society of N.Y., Inc. v. Village of Stratton,* — U.S. —, 122 S.Ct. 2080, 153 L.Ed.2d 205 (2002); *City of Los Angeles v. Alameda Books, Inc.,* — U.S. —, 122 S.Ct. 1728, 152 L.Ed.2d 670 (2002); *Ashcroft v. Free Speech Coalition,* — U.S. —, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002); and *United States v. Playboy Entertainment, Group, Inc.,* 529 U.S. 803, 120 S.Ct. 1878, 146 L.Ed.2d 865 (2000). In doing so, we find that the district court was correct in concluding that our prior decision affirming the district court's denial of a preliminary injunction, *see Connection Distrib. Co. v. Reno,* 154 F.3d 281 (6th Cir.1998), constituted the law of the case as to the level of scrutiny to be applied.[2] *See Wilcox v. United States,* 888 F.2d 1111, 1114 (6th Cir.1989); *see also Royal Ins. Co. of Am. v. Quinn–L–Capital Corp.,* 3 F.3d 877, 881 (5th Cir.1993); 18B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 4478.5 (2d ed.2002). In all other respects, however, we remand for further

---

[*] Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1.] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), current United States Attorney General John D. Ashcroft has now been substituted as the defendant/appellee in this case.

[2.] Specifically, in *Connection,* we held that the "intermediate level of scrutiny" was to be applied to Plaintiff's constitutional challenge, and that "[u]nder this standard, a government regulation is constitutional if the obligations it imposes are narrowly tailored to serve a significant governmental interest, and leave open ample alternative channels for communication of the information." *Connection Distrib. Co. v. Reno,* 154 F.3d 281, 291 (6th Cir.1998) (internal quotation marks and citation omitted).

consideration in light of recent Supreme Court decisions.

ALAN E. NORRIS, Circuit Judge, dissenting.

Because I disagree with the majority's conclusion that the four Supreme Court cases that it cites affect the constitutionality of the statute before us, I respectfully dissent. I would instead follow the rationale set forth in *American Library Ass'n v. Reno*, 33 F.3d 78 (D.C.Cir.1994), and affirm the judgment of the district court.